IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHANIE JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-2919 |
| | § | |
| JEREMY EDER, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING IN PART AND REVERSING IN PART MAGISTRATE JUDGE'S AMENDED MEMORANDUM, RECOMMENDATION, AND ORDER AND ORDERING ADDITIONAL BRIEFING

Having reviewed the Magistrate Judge's Amended Memorandum, Recommendation, and Order (Docket Entry No. 62) dated February 21, 2018; Defendant[s] J. Dale's and B. Baker's Joint Objections to the Magistrate Judge's Amended Recommendation to Partially Deny Defendants' Motion for Summary Judgment (Docket Entry No. 63); Defendants Ng's and Eder's Objections to Magistrate Judge's Amended Report and Recommendations Regarding Defendants' Motion for Summary Judgment (Docket Entry No. 64); Plaintiff's Objections to the Magistrate Judge's Report and Recommendations (Dkt. # 62) (Docket Entry No. 65); and Defendant[s] J. Dale's and B. Baker's Joint Response to Doc. 65, Plaintiff's Objections to the Magistrate Judge's Amended Report and Recommendations (Docket Entry No. 66), the court concludes that the Magistrate Judge's Amended Memorandum, Recommendation, and Order should be adopted in part and reversed in part.

The court must review de novo portions of the Magistrate Judge's proposed findings and recommendations on dispositive matters to which the parties have filed specific, written objections. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). The court must also consider timely objections to a Magistrate Judge's order on any nondispositive matter and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A).

Defendants Josh Dale, Brian Baker, Jeremy Eder, and Raymond Ng all object to the Magistrate Judge's recommendation that their motions for summary judgment be denied with regard to Plaintiff's claim that they illegally seized $600 in currency from a shirt pocket in her closet on the day of the search. The court concludes that Plaintiff's testimony regarding the disappearance of the money is speculative and is not sufficient to create a genuine issue of material fact. These objections are **SUSTAINED**. Defendants', Ng and Eder, Motion for Summary Judgment (Docket Entry No. 38) and Defendant Sheriff Deputies J. Dale's and B. Baker's Joint Motion for Summary Judgment (Docket Entry No. 39) are **GRANTED** with respect to this claim.

Plaintiff objects to the Magistrate Judge's recommendation that the motions for summary judgment be granted with regard to her claim that the individual defendants illegally seized the alprazolam and hydrocodone pills and illegally arrested her. The court concludes that Plaintiff failed to produce any evidence that

Defendants Dale, Baker, and Ng participated in the seizure of the pills or made the decision to arrest Plaintiff. Plaintiff's objections raise legal issues regarding the constitutionality of Defendant Eder's warrantless seizure of the pills, which calls into question the constitutionality of his decision to arrest Plaintiff based on the seized pills. Plaintiff's objections are **OVERRULED IN PART** regarding Defendants Dale, Baker, and Ng and **SUSTAINED IN PART** regarding Defendant Eder. Defendants', Ng and Eder, Motion for Summary Judgment (Docket Entry No. 38) is **GRANTED IN PART** with respect to Plaintiff's claims of illegal seizure of the pills and of her person as to Defendant Ng and **DENIED IN PART** with respect to those claims as to Defendant Eder. Defendant Sheriff Deputies J. Dale's and B. Baker's Joint Motion for Summary Judgment (Docket Entry No. 39) is **GRANTED** with respect to Plaintiff's claims of illegal seizure of the pills and of her person.

The court must also address the Magistrate Judge's observation that Defendant Fort Bend County could not be held liable for maintaining a policy leading to unconstitutional arrests in the absence of evidence that Plaintiff had suffered an unconstitutional arrest. Defendant Fort Bend County is a defendant pursuant to Plaintiff's Second Amended Complaint (Docket Entry No. 30), which alleges that Defendant Fort Bend County's policy or custom of inadequately training, supervising, and/or disciplining its officers was the moving force behind Plaintiff's allegedly

unconstitutional arrest. Defendant Fort Bend County never moved for summary judgment on this issue, and it remains a defendant with regard to Plaintiff's claims arising from her arrest.

The Magistrate Judge's rulings striking Plaintiff's Motion to Exclude Defendants' Summary-Judgment Evidence (Dkt. 38-2 and 39-3 Exhibit A) and Memorandum in Support (Docket Entry No. 40) and denying Plaintiff's Opposed Motion for Leave to File an Amended Complaint (Docket Entry No. 42) are neither clearly erroneous nor contrary to law. Those rulings are **ADOPTED**. Plaintiff's motion to exclude (Docket Entry No. 40) is **STRICKEN** and Plaintiff's motion for leave (Docket Entry No. 42) is **DENIED**.

The claims remaining in this action are Plaintiff's 42 U.S.C. § 1983 claims against Defendant Eder for illegally seizing the alprazolam and hydrocodone pills and for illegally arresting Plaintiff and Plaintiff's claims against Defendant Fort Bend County for its policies and/or customs on training, supervising, and disciplining officers.

The court recognizes the Magistrate Judge has performed yeoman's work in this case addressing the parties' conflicting and meandering arguments. The court will allow the parties to put forth their last and best effort in a final round of motion practice pursuant to the following guidelines:

(1) Defendant Eder may file a motion for summary judgment on qualified immunity, paying particular attention to the arguments in

Plaintiff's most recent objections regarding the application of Arizona v. Hicks, 107 S. Ct. 1149 (1987), and the effects of an illegal seizure on the legality of the subsequent arrest.

(2) Defendant Fort Bend County may file a motion for summary judgment on its liability, paying particular attention to Defendant Eder's membership in Defendant Fort Bend County's Narcotics Task Force.

(3) Plaintiff may file a motion for summary judgment on the constitutionality of Texas Health and Safety Code § 481.117(a), as applied.

The court will allow the parties twenty (20) days from the date of this Order to file final motions for summary judgment not to exceed twenty-five pages that address these issues. Responses will be due twenty days after the filing of the summary judgment motions, and any replies will be due ten days after the responses are filed. No delays or additional briefing will be allowed.

**SIGNED** at Houston, Texas, on this the 20th day of March, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE