IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

STEPHANIE JONES, §
 §
      Plaintiff, §
 §
v. § CIVIL ACTION NO. H-15-2919
 §
JEREMY EDER, et al., §
 §
      Defendants. §

## MEMORANDUM OPINION AND ORDER

Having reviewed the Magistrate Judge's Memorandum and Recommendation (Docket Entry No. 82), Defendant [Jeremy] Eder's Objections to Magistrate Judge's Report Regarding Defendant Eder's Motion for Summary Judgment (Docket Entry No. 83), Plaintiff's Objections to the Honorable Magistrate's Memorandum and Recommendation (Docket Entry No. 84), Defendant Eder's Opposition to Plaintiff's Objections to Magistrate Judge's Report and Recommendations Regarding Defendant Eder's Motion for Summary Judgment (Docket Entry No. 85), and Plaintiff's Reply in Support of Her Objections (Dkt. 84) to the Honorable Magistrate's Memorandum and Recommendation (Docket Entry No. 86), the court is of the opinion that said Memorandum and Recommendation should be adopted by this court. It is, therefore, **ORDERED** that the Memorandum and Recommendation is **ADOPTED** by the court.

In her original complaint plaintiff alleged constitutional claims pursuant to the Fourth and Fourteenth Amendments, alleging

that the officers unlawfully arrested her and wrongfully seized currency inside her home.[1] After defendant Jeremy Eder filed an early motion to dismiss, plaintiff filed an amended complaint in which she added constitutional claims that the officers unlawfully seized a hydrocodone pill, violated her right to privacy, and failed to protect her and that defendant Fort Bend County maintained a policy of inadequately training, supervising, and/or disciplining its officers.[2]

After considering defendants' motions to dismiss, the court dismissed the right-to-privacy and failure-to-protect claims and dismissed all claims against defendant Fort Bend County for failure to state a claim for relief.[3] On August 24, 2016, before the court's consideration of the objections to the Memorandum and Recommendation, plaintiff filed a motion for leave to amend her complaint for a second time to add allegations concerning the interpretation and enforcement of Texas Health and Safety Code § 481.117(a) and to add more specific facts regarding defendant Fort Bend County's policies.[4] At the time the court had not

---

[1]See Plaintiff's Original Complaint, Docket Entry No. 1.

[2]See Defendant Eder's Motion to Dismiss Plaintiff's Claims Due to Plaintiff's Failure to State a Claim for Relief, Docket Entry No. 7; Plaintiff's First Amended Complaint, Docket Entry No. 8.

[3]See Memorandum and Recommendation, Docket Entry No. 19; Order Adopting Magistrate Judge's Memorandum and Recommendation, Docket Entry No. 26, pp. 15-19.

[4]See Plaintiff's Opposed Motion for Leave to File a Second Amended Complaint, Docket Entry No. 25.

entered a docket control order. The court granted leave, and on October 4, 2016, the court entered a docket control order that set October 28, 2016, as the deadline for amending pleadings and adding new parties.[5]

On May 22, 2017, plaintiff again sought leave to amend her complaint to reassert policy claims against defendant Fort Bend County.[6] The court denied the motion because plaintiff failed to establish good cause for amending seven months after the expiration of the deadline for amendment.[7] After the issuance of a memorandum recommending dismissal of all of plaintiff's remaining claims, plaintiff now seeks to amend her pleading to add an as-applied constitutional challenge to Texas Health and Safety Code § 481.117(a).[8]

When a scheduling order deadline has expired, Fed. R. Civ. P. 16(b) governs amendment of the pleadings. S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003). Rule 16(b)(4) allows modification of the scheduling order "only for good cause and with the judge's consent." Good

---

[5]See Order, Docket Entry No. 29; Docket Control Order, Docket Entry No. 35.

[6]See Plaintiff's Opposed Motion for Leave to File an Amended Complaint, Docket Entry No. 42.

[7]See Amended Memorandum, Recommendation, and Order, Docket Entry No. 62, pp. 17-20.

[8]See Plaintiff's Memorandum in Support of Opposed Motion for Leave to File Amended Pleading, Docket Entry No. 87.

cause is satisfied upon a showing of the movant's inability to meet the court's deadlines "despite the diligence of the party needing the extension." Id. at 535 (quoting 6A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 1522.1 (2d ed. 1990)).

Plaintiff has repeatedly sought leave to amend her complaint. Now, nearly two and one-half years after the expiration of the deadline to amend, plaintiff asserts that her proposed amendment is designed to resolve a presumed pleading deficiency, that is, to add factual allegations and another cause of action.[9] Plaintiff asserts that good cause warrants the amendment because neither the defendants nor the court "ever alleged Plaintiff's pleading suffered from a defect in form prior to February 11."[10] Because the court concludes that plaintiff has failed to show good cause for allowing yet another amendment, Plaintiff's Memorandum in Support of Opposed Motion for Leave to File Amended Pleading (Docket Entry No. 87) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 21st day of March, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[9] See Plaintiff's Memorandum in Support of Opposed Motion for Leave to File Amended Pleading, Docket Entry No. 87, p. 1 ¶ 4.

[10] Id. at 3 ¶ 8.